UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAMELA STAFFORD,<br><br>        Plaintiff,<br><br>    vs.<br><br>GEICO GENERAL INSURANCE COMPANY et al.,<br><br>        Defendants. | 3:15-cv-00578-RCJ-WGC<br><br>ORDER |

      This case arises out of a hit-and-run accident and an insurance company's alleged failure to pay a claim on an underinsured motorist policy. Pending before the Court is a Motion to Dismiss (ECF No. 7). The Court grants the motion in part and denies it in part.

**I.    FACTS AND PROCEDURAL HISTORY**

      On February 16, 2013, Plaintiff Pamela Stafford was involved in a hit-and-run motor vehicle accident, which required Plaintiff to receive immediate and ongoing medical attention for a concussion and cervical and lumbar strains. (Compl. ¶ 7, ECF No. 1). Plaintiff's husband notified Defendants (collectively, "GEICO") of the accident the same day. (*Id.* ¶ 8). On February 20, 2013, GEICO acknowledged receipt of Plaintiff's claim. (*Id.* ¶ 10). GEICO paid

$30,000 in medical expenses pursuant to the "Medical Payments" provision of Plaintiff's GEICO insurance policy ("the Policy"), but Plaintiff alleges that GEICO failed to investigate her entitlement to Uninsured Motorist/Underinsured Motorist ("UM/UIM") coverage under the Policy. (*Id.* ¶ 12). She also alleges that GEICO failed to advise her of the potential for UM/UIM coverage. (*Id.*).

On December 13, 2013, Plaintiff sent GEICO a formal demand to pay the Policy's $100,000 UM/UIM limit per claim and provided information regarding her injuries, medical treatment, wage loss, and disability. (*Id.* ¶ 13). On January 10, 2014, GEICO extended a settlement offer of $24,765 under the UIM coverage of the policy, without an explanation of its calculations or what Policy provisions apply. (*Id.* ¶ 14). From July 31, 2014 to October 23, 2015, the parties exchanged many communications to request and share information about Plaintiff's UIM claim and to discuss Plaintiff's demands as to the claim. (*Id.* ¶¶ 15–57). The parties also discussed the validity of GEICO's assertion that an offset of $45,000 applies against the UIM claim, (*id.* ¶¶ 26–36), and they discussed the details of a proposed arbitration agreement, (*id.* ¶¶ 38–55). On October 12, 2015, Plaintiff sent GEICO a final demand to pay the $100,000 UM/UIM limit under the Policy, (*id.* ¶ 56), and GEICO responded on October 23, 2015 by requesting additional information due to Plaintiff's "new claims and allegations," (*id.* ¶ 57).

Plaintiff makes the following claims against GEICO: (1) breach of contract; (2) tortious breach of the covenant of good faith and fair dealing; (3) violation of eight subsections of NRS 686A.310 (Unfair Claims Settlement Practices Act ("UCSPA")); and (4) punitive damages.

GEICO moves the Court to dismiss the UCSPA claims and to strike various portions of the Complaint.

## II. MOTION TO DISMISS

Defendant moves the Court to dismiss Plaintiff's UCSPA claims and her claim to punitive damages.

### A. Legal Standards

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just

"possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, a plaintiff must not only specify or imply a cognizable legal theory, but also must allege the facts of the plaintiff's case so that the court can determine whether the plaintiff has any basis for relief under the legal theory the plaintiff has specified or implied, assuming the facts are as the plaintiff alleges (*Twombly-Iqbal* review).

**B.     Analysis**

NRS 686A.310 lists sixteen types of "unfair practices in settling claims." Plaintiff alleges eight types of violations which GEICO asks the Court to dismiss.

1.     Misrepresentation

Plaintiff alleges that GEICO made various misrepresentations of "pertinent facts or insurance policy provisions relating to any coverage at issue." Nev. Rev. Stat. § 686A.310(1)(a). Specifically, Plaintiff alleges that GEICO failed to disclose that the Policy provided UM/UIM coverage, but Plaintiff does not allege that GEICO misrepresented anything related to the coverage, such as telling her that the Policy did not include UM/UIM coverage. Furthermore, Plaintiff alleges that GEICO made a settlement offer based on the UIM coverage of her Policy, which shows that GEICO acknowledged that the Policy included UIM coverage. (*See* Compl. ¶ 14). Plaintiff also alleges that the Policy failed to mention a possible offset to her UM/UIM coverage, but this allegation discusses actual provisions of the Policy rather than alleging that GEICO misrepresented something about the provisions. Plaintiff makes five other allegations

that fail to allege misrepresentation of pertinent facts or policy provisions related to the coverage; rather, they allege that GEICO's interpretation of Nevada law is incorrect or that GEICO made misrepresentations regarding the process of arbitration, negotiation, and calculating damages. (*See id.* ¶ 173). The Court dismisses the claim, with leave to amend.

       2.       Prompt Response to Communications

Plaintiff alleges that GEICO "[f]ail[ed] to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies." § 686A.310(1)(b). Plaintiff alleges that GEICO responded to most of her communications within a day to a week or two; however, she also alleges that GEICO failed to respond to two separate communications regarding her claims within two months. (*See* Compl. ¶¶ 24–26, 53–57). Plaintiff has provided sufficient facts to state a claim that GEICO failed to respond to her communications in a reasonably prompt manner. The Court denies the motion to dismiss the claim.

       3.       Reasonable Standards

Plaintiff alleges that GEICO "[f]ail[ed] to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies." § 686A.310(1)(c). Under NAC 686A.670(1), insurers must establish procedures to begin investigating a claim within twenty working days of receiving notice of the claim, and they must provide to each claimant "a notice of all items, statements and forms, if any, which the insurer reasonably believes will be required of the claimant," within twenty working days of receiving notice of the claim. The regulation also requires an insurer to "complete an investigation of each

claim within 30 days after receiving notice of the claim, unless the investigation cannot reasonably be completed within that time." § 686A.670(2).

Here, Plaintiff alleges that her husband gave GEICO notice of the claim on February 16, 2013. (Compl. ¶ 8). On February 20, 2013, GEICO acknowledged receipt of the claim. (*Id.* ¶ 10). However, Plaintiff alleges that "[o]ver the ensuing months," GEICO only "initially inquir[ed] as to the details of the auto accident" and her medical treatment, (*id.* ¶ 11), and did not make a settlement offer until January 10, 2014, nearly eleven months later, (*id.* ¶ 14). Plaintiff also alleges that GEICO did not complete an investigation of her claim within thirty days of receiving notice of it. She does not plead any facts showing the investigation could not have reasonably been completed within thirty days. Plaintiff also alleges that GEICO failed to provide "notice of all items, statements and forms" she would need for the claim within twenty days of receiving the claim. (*Id.* ¶ 85). Although Plaintiff does not explicitly refer to GEICO's standards for investigating and processing claims, the facts she alleges regarding GEICO's failure to investigate her claims give rise to an inference that GEICO did not implement its standards, if it has adopted standards. The Court denies the motion to dismiss the claim.

    4.    Affirm or Deny Coverage

Plaintiff alleges that GEICO "[f]ailed to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured." Nev. Rev. Stat. § 686A.310(1)(d). She alleges that GEICO failed to affirm or deny whether she was covered under the UM/UIM policy; however, she submitted proof of loss for her injuries, medical treatment, wages, pain and suffering, and loss of enjoyment of life on

1  December 13, 2013, and on January 10, 2014, less than a month later, GEICO extended a
2  settlement offer "under the Underinsured Motorist Bodily Injury coverage of the Policy."
3  (Compl. ¶ 14). Thus, GEICO affirmed coverage under the UM/UIM policy, and the
4  communications thereafter disputed only how much the UM/UIM coverage should be, not
5  whether it applies. Plaintiff also alleges that GEICO failed to affirm or deny whether the medical
6  payments offset applied, but that discussion also relates to the amount of UM/UIM coverage, not
7  to whether it applies. Finally, Plaintiff alleges that GEICO attempted to find a way to deny her
8  UM/UIM claim entirely after two and a half years, but this allegation only involves GEICO's
9  efforts to avoid liability after initially affirming coverage. The Court dismisses the claim, with
10 leave to amend.

     5.     Effectuate Prompt, Fair, and Equitable Settlements

Plaintiff alleges that GEICO "[f]ail[ed] to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear." § 686A.310(1)(e). Plaintiff alleges that GEICO's liability under the UM/UIM policy was reasonably clear. Indeed, Plaintiff alleges that GEICO extended a settlement offer and negotiated the amount of settlement based on the UM/UIM policy. (*See* Compl. ¶¶ 14, 34). Plaintiff alleges that the settlement offer was a "lowball" offer, (*id.* ¶ 14), and that after two and a half years the parties were still discussing settlement and arbitration, (*see id.* ¶ 52). In other words, Plaintiff alleges that GEICO still has not effectuated a settlement of the claim and that its attempts to do so were unfair. Plaintiff has stated a claim under subsection (1)(e) of the statute. The Court denies the motion to dismiss the claim.

   6.  Compelling to Institute Litigation

Plaintiff alleges that GEICO compelled her "to institute litigation to recover amounts due under [the] insurance policy by offering substantially less than the amounts ultimately recovered." § 686A.310(1)(f). As the Court has noted in other cases, a claim that a plaintiff has been made to institute litigation under subsection (1)(f) appears to be a fee-shifting provision depending on the success of other underlying claims and is better characterized as a remedy. The Court dismisses the claim insofar as it is meant to be stated as an independent cause of action but will not rule that a remedy under this provision is unavailable if Plaintiff were to prevail on the breach of contract claim.

   7.  Advertising Material

Plaintiff alleges that GEICO "[a]ttempt[ed] to settle a claim by an insured for less than the amount to which a reasonable person would have believed he or she was entitled by reference to written or printed advertising material accompanying or made part of an application." § 686A.310(1)(g). However, Plaintiff fails to allege any specific facts about what GEICO's advertising material stated or why the material would have caused her to believe she was entitled to a greater amount. The Court dismisses the claim, with leave to amend.

   8.  Reasonable Explanation

Plaintiff alleges that GEICO "[f]ail[ed] to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of the claim or for an offer to settle or compromise the claim." § 686A.310(1)(n). Specifically, Plaintiff alleges that on January 10, 2014 GEICO

extended a settlement offer under the UM/UIM policy without providing "the Policy provisions, if any, which it contended would reduce the available coverage below the $100,000.00 Policy Limit." (Compl. ¶ 14). Plaintiff does allege that GEICO explained that the offset of the UIM claim was appropriate "according to the quoted 'Limits of Liability' Policy provision," (*id.* ¶ 18); however, she also alleges that she did not receive this explanation until October 22, 2014 and that the explanation was not reasonable, (*see id.* ¶¶ 18, 115). Thus, Plaintiff has stated a claim that GEICO failed to provide promptly a reasonable explanation regarding the settlement of the UM/UIM claim. The Court denies the motion to dismiss the claim generally; however, it dismisses Plaintiff's allegations addressing GEICO's calculations and "post-hoc explanation" because they do not address whether GEICO provided a basis in the policy for offering a settlement rather than paying the full amount of the claim.[1]

        9.      Punitive Damages

GEICO also asks the Court to dismiss Plaintiff's claim to punitive damages. Although the Court notes that punitive damages are a measure of relief and not a freestanding cause of action, the Court will not rule that they are unavailable at this time because one or more of Plaintiff's remaining claims may support punitive damages. To obtain punitive damages, a plaintiff must prove "by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied." Nev. Rev. Stat. § 42.005(1). Although success on a bad faith claim does not entitle a plaintiff to punitive damages without more, *see United Fire Ins. Co. v. McClelland*, 780 P.2d 193, 198 (Nev. 1989), Plaintiff has sufficiently alleged that Defendant

---

[1] In other words, the Court dismisses allegations "a" and "d" but not "b" and "c" in paragraph 115 of the Complaint.

acted with "oppression, fraud or malice, express or implied," as a layperson may interpret those terms. (*See Luna v. State Farm Mut. Auto. Ins. Co.*, No. 2:15-cv-01104-RCJ-NJK, 2016 WL 1595352, at *5 (D. Nev. Apr. 20, 2016)).

### III. MOTION TO STRIKE

GEICO moves the Court to strike various allegations in the Complaint and the "DOE clause" in the caption.

#### A. Legal Standards

Under Rule 12(f), "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotations omitted). "Generally, federal courts disfavor motions to strike unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Dannenbring v. Wynn Las Vegas, LLC*, 907 F. Supp. 2d 1214, 1217 (D. Nev. 2013). "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) (quotation omitted). "Whether to grant a motion to strike lies within the sound discretion of the district court." *Id.*

///

///

///

### B.     Analysis

Although the Court recognizes that the Complaint is unnecessarily lengthy, Defendant has not identified anything of consequence in the Complaint that is "redundant, immaterial, impertinent, or scandalous." The Court denies the motion to strike.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 7) is GRANTED in part and DENIED in part, with leave to amend as indicated.

IT IS SO ORDERED.

Dated this 23rd day of August, 2016.

_____
ROBERT C. JONES
United States District Judge